UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| KATHERINE RICHARDS, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | 3:11-cv-63-RLY-WGH |
| ) | | |
| JOHN M. O'DANIEL, ) | | |
| Defendant. ) | | |

**ENTRY ON MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendant, John M. O'Daniel ("Defendant"), moves to set aside the Clerk's Entry of Default entered on August 8, 2011, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is **GRANTED**.

**I.   Background**

On July 8, 2009, at 10:14 p.m., Defendant crashed his vehicle into a stationary vehicle stopped for a red traffic control signal at the intersection of the Lloyd Expressway and Burkhardt Road in Evansville, Indiana. Plaintiff, Katherine Richards ("Plaintiff"), was an occupant of the vehicle, and suffered bodily injuries. She commenced a lawsuit against Defendant on May 12, 2011, and seeks both compensatory and punitive damages. Defendant admits that at the time of the accident, he had a blood alcohol content in excess of .15%.

On May 17, 2011, Defendant was served with a copy of the Complaint and Summons regarding the above-referenced matter. Defendant read the documents, but did

1

not understand that he was required to take action after receiving the Complaint, because the paperwork did not include a date to appear in court. (Affidavit of John M. O'Daniel ¶¶ 4, 5). Defendant also spoke to a representative from his insurance company about the paperwork, and "assumed" that the insurance company would handle the matter. (*Id.* ¶¶ 6-7).

On August 17, 2011, Plaintiff filed a motion for entry of default, and the following day, the Clerk issued an entry of default against Defendant. Defendant then hired counsel from Kahn Dees Donovan & Kahn, LLP, and, on October 28, 2011, filed the present motion to set aside.

## II.     Discussion

A party seeking to vacate an entry of default before judgment has been entered must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). This Circuit favors a trial on the merits over default judgment, and thus, this test is applied quite liberally. *Id.* at 631 (citing *Sun v. Bd. of Trustees of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007)). The issues in this case revolve around elements 1 and 3 above – i.e., whether Defendant had good cause for the default, and whether Defendant has meritorious defenses to Plaintiff's Complaint.

### A.     Good Cause for Default

Plaintiff cites to Defendant's affidavit wherein he represents that after receiving the paperwork regarding the present lawsuit, he contacted his insurance representative

about the matter. Plaintiff claims these facts are similar to those addressed in *Henline, Inc. v. Martin*, 348 N.E.2d 416 (Ind. Ct. App. 1976), and that, based upon that precedent, Defendant's motion to set aside must be denied.

In *Henline*, the corporate and individual defendants were served with a summons and complaint, which Harley Henline, the president and sole shareholder of Henline, Inc., promptly delivered to his insurance agent. *Id*. at 417. The insurance agent forwarded the relevant documents to the company's claims adjuster, who, through his own inadvertence, failed to retain defense counsel in time. *Id*. As a result, none of the defendants were able to file timely answers to the complaint. *Id*. After the claims adjuster retained defense counsel, the defendants moved to set aside the default judgments based upon good cause. *Id*. The Indiana Court of Appeals affirmed the trial court's decision, reasoning that the entry of default was not an abuse of discretion. *Id*. at 421. In so doing, the Court of Appeals analogized the role of the claims adjuster with that of an attorney acting on a defendant's behalf, and found that it would not be "unreasonable for the trial court" "to apply the general rule . . . that the negligence of the attorney is the negligence of the client." *Id*. at 420-21 (internal quotation marks and citation omitted).

The court finds this case inapplicable for several reasons. First, the facts in *Henline* differ from the facts of the present case. Defendant testified by affidavit only to the following: (1) he spoke with a representative from his insurance company about the paperwork he received, and (2) he "assumed" the insurance company would take care of everything regarding the lawsuit. (Affidavit of John O'Daniel ¶¶ 6-7). Notably absent

from Defendant's affidavit is: (1) the name of his insurance company, (2) the name of the representative Defendant spoke with and the position that representative held, (3) the specifics of Defendant's conversation with the insurance representative regarding the "paperwork" he received, and (4) any representation that Defendant furnished the insurance company with a summons and complaint. Indeed, it is not at all clear whether Defendant's counsel was retained by Defendant or by Defendant's insurance company.

Second, in *Henline*, the Indiana Court of Appeals interpreted and applied Indiana Trial Rule 60(B)(1), not Federal Rule of Civil Procedure 55(c). To this end, the *Henline* Court applied the more stringent standard for setting aside a default judgment in Indiana, not the more lenient standard employed in the Seventh Circuit to set aside an entry of default. *Compare Henline*, 348 N.E.2d at 418 (holding that under Indiana Trial Rule 60(B), "a default entry and a default judgment are to be treated alike for purposes of seeking relief therefrom"), *with Cracco*, 559 F.3d at 631 ("While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context.").

Third, the Indiana Court of Appeals did not hold that a trial court, when faced with similar facts, would be required to rule against the Henlines. The Court emphasized the fact that *Henline* was subject to an abuse of discretion standard, and explicitly cited to facts in the case that "might have" permitted another court to rule in favor of the Henlines. *See Henline*, 348 N.E.2d at 420 (citing to factors that might have permitted a trial court to find excusable neglect, and reasoning that "the fact that another trial court

4

might not have abused its discretion by granting defendants relief on these facts, does not necessarily mean that the court below abused its discretion by denying relief"). Finding *Henline* inapplicable, the court now turns to the good cause standard as interpreted by the Seventh Circuit.

A party establishes good cause by showing that "it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Cracco*, 559 F.3d at 631. *See also Amsted Indus., Inc. v. Tianrui Group Foundry Co. Ltd.*, 2011 U.S. Dist. LEXIS 113499, at *2-3 (citing *Cracco*, and holding that defendant established good cause where the failure to file a timely answer was due to mistake and a misunderstanding of the default procedure); *McCarthy v. Fuller*, 2009 U.S. Dist. LEXIS 100920, at *10 (S.D. Ind. Oct. 29, 2009) (citing *Cracco*, and holding that defendants established good cause where the failure to file a timely answer was not the result of a willful refusal to participate in the litigation, but was due to the negligence of their counsel).

In this case, Defendant testified by affidavit that he did not willfully ignore the Plaintiff's Complaint. (Affidavit of John M. O'Daniel ¶ 9). Rather, he failed to file a timely answer through mistake and inadvertence. (*Id.*). Heeding the Circuit's preference for a trial on the merits over a default judgment, the court will exercise its discretion liberally, and find that Defendant has established good cause of the default.

### B.  Meritorious Defense

A meritorious defense is a defense that "'at least raises a serious question

regarding the propriety of a default and which is supported by a legal and factual basis.'" *Standard Ins. Co. v. Cole*, 2005 WL 4882772, at *3 (S.D. Ind. Aug. 19, 2005) (quoting *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1984) and citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)).  Defendant concedes that at the time of the accident, he was driving his vehicle while intoxicated and is at fault for the accident.  Defendant claims, however, that he has a meritorious defense to Plaintiff's claim for punitive damages.

Under Indiana law, punitive damages may be awarded upon a showing of willful or wanton misconduct.  *Wohlwend v. Edwards*, 796 N.E.2d 781, 791 (Ind. Ct. App. 2003).  Driving while intoxicated in not per se willful and wanton misconduct.  *Id*. at 791-97 (holding that jury instruction stating that "[o]perating a motor vehicle upon a public highway while intoxicated constitutes willful and wanton misconduct" was an incorrect statement of the law).  Thus, Plaintiff must present evidence of misconduct in addition to Defendant's intoxication at the time of the accident to be entitled to punitive damages.  Defendant's meritorious defense, then, is the absence of evidence of other misconduct.

Plaintiff contends that Defendant's "defense" lacks a factual basis.  As with the good cause standard, the threshold for showing a meritorious defense is low.  For example, in *Cracco*, the Seventh Circuit held that the employer established a meritorious defense to the plaintiff's retaliation claim under the Family Medical Leave Act ("FMLA") by the employer's statements in its motion to vacate the entry of default, coupled with its later-filed answer.  The employer's motion to vacate stated that the "plaintiff was not

6

terminated in retaliation for asserting rights under [the FMLA];" rather, "plaintiff was terminated for cause." 559 F.3d at 631.  The employer's answer stated that "while plaintiff was on leave, it discovered numerous facts and issues substantiating its decision to terminate plaintiff . . . ," and thus, at the conclusion of her leave, "plaintiff was terminated for cause."  *Id*. (internal quotation marks omitted).  Although the employer "did not provide any details about the facts supporting its decision to terminate," the Court held that the employer made a sufficient showing of a meritorious defense because "it notified the plaintiff and the district court of the nature of [its] defense and provided the factual basis for that defense."  *Id*.

Like the employer is *Crocco*, Defendant notified Plaintiff and the court of the nature of his defense – that Plaintiff is not entitled to punitive damages – and the factual basis for his defense – there is no other evidence, beyond his intoxication, to justify a punitive damages award.  Given the lenient standards for the application of Rule 55(c), the court finds Defendant sufficiently established a meritorious defense.  Defendant's motion to set aside is therefore **GRANTED**.

## III.   Conclusion

Consistent with this Circuit's policy of favoring trials on the merits over default judgments, the standard to set aside an entry of default is lenient.  Accordingly, the court finds that Defendant sufficiently established the requirements under Rule 55(c) and,

Defendant's Motion to Set Aside Entry of Default (Docket # 16) is **GRANTED**.

**SO ORDERED** this   1st    day of March 2012.

                                                  RICHARD L. YOUNG,  CHIEF JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Electronic Copies to:

Greg J. Freyberger
KAHN DEES DONOVAN & KAHN, LLP
gfreyberger@kddk.com

Charles Edward Moore
MOORE MALONE & SAFREED
cemoore@moorelaw.org

Carrie Mount Roelle
KAHN, DEES, DONOVAN & KAHN, LLP
croelle@kddk.com